UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EUGENE GALIMORE,

    Plaintiff,

v.     Case No.   2:25-cv-1218-KCD-DNF

WARDEN, LEE COUNTY JAIL,

    Defendants.
_____/

## OPINION AND ORDER

Petitioner Eugene Galimore, a pretrial detainee currently confined in the Lee County Jail, has filed a *pro se* petition for writ of habeas corpus. (Doc. 1.) The Court now screens the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Because Galimore has not yet exhausted his claims in state court and seeks federal interference with an ongoing state criminal prosecution, the Court is barred from considering the merits of this petition.

### I. Discussion

Under 28 U.S.C. § 2241, a state pretrial detainee may file a federal petition for writ of habeas corpus if his detention "violate[s] the Constitution

---

[1] Rule 4 requires a district court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" The Court has discretion to apply Rule 4 to petitions filed under 28 U.S.C. § 2241, like here. *See* Rule 1(b), Rules Governing Section 2254 Cases.

or the laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); 28 U.S.C. § 2241(c)(3). Upon review, the Court concludes that Galimore is not entitled to habeas corpus relief for two reasons.

### A. Galimore has not exhausted his state remedies.

A district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (applying the exhaustion requirement to a state pretrial detainee's section 2241 petition). To "ensure that state courts have the first opportunity to hear all claims, federal courts require a state prisoner to present the state courts with the same claim he urges upon the federal courts." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973). [2] In addition, the petitioner must take the claim "to the state's highest court, either on direct appeal or on collateral review." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

Galimore is in the Lee County Jail under charges of burglary of a conveyance in case number 25-CF-015029 and possession of a controlled

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

2

substance in case number 25-CF-015946.[3] A review of the state dockets in these cases shows that he has not filed a habeas petition in state court, much less appealed to the state's highest court. Galimore admits this in his petition. (Doc. 1 at 2–6.) Therefore, his § 2241 claims are unexhausted, and they must be dismissed under Rule 4 of the Rules Governing Habeas Corpus Cases.

### B. The Court is barred from considering the petition under *Younger v. Harris*, 401 U.S. 37 (1971)

*Younger* abstention applies when: "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). The abstention doctrine "usually applies in cases involving criminal prosecution or the criminal justice system." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004).

Because of the ongoing state criminal prosecutions against Galimore, his habeas petition is subject to dismissal under *Younger* unless one of three "narrow exceptions" applies. The abstention doctrine does not apply when: (1) the state proceedings were motivated by bad faith; (2) irreparable injury would

---

[3] *See* Lee County Clerk of Court website: https://matrix.leeclerk.org/Home/CheckSearch# (search Galimore, Eugene).

occur; or (3) there is no adequate alternative state forum for Galimore to raise the constitutional issue. *Younger*, 401 U.S. at 46-49; *Johnson*, 32 F.4th at 1099.

The first two exceptions do not apply. A prosecution is undertaken in bad faith when "brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that call for equitable relief. *Younger*, 401 U.S. at 53–54. The statutes charging Galimore with burglary of a conveyance and possession of drugs and drug paraphernalia are neither unconstitutional nor unusual. And it does not appear that the state lacks a reasonable expectation of obtaining a conviction on the charges. Thus, *Younger* bars this petition unless the state does not offer a sufficient forum for Galimore's constitutional claims.

Galimore asserts, without explanation, that he is wrongfully incarcerated due to a false statement in his arrest affidavit. (Doc. 1 at 7.) In short, he asks this Court to intervene in his state prosecution to either correct errors made during his arrest or to exclude from trial the admission of certain evidence. But not only are the state courts adequate to consider Galimore's claims, they provide the best forum to do so. The sufficiency of the arrest

4

affidavit and the quality of the State's evidence (and whether it was lawfully obtained) are issues that Galimore should raise at trial and in a subsequent direct appeal if necessary, not on federal habeas review. *See Braden*, 410 U.S. at 493 (recognizing that the "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed); *Garey v. Fed. Det. Ctr.,* 180 F. App'x 118, 120, 121 (11th Cir. 2006) ("[W]here a defendant is awaiting trial, the appropriate vehicle for violations of the defendant's constitutional rights are pre-trial evidentiary motions, not habeas petitions").

Galimore has not shown an exception to the *Younger* abstention doctrine. Therefore, in addition to being dismissed as unexhausted, the Court must abstain from considering the merits of his § 2241 petition.

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** as unexhausted. Alternatively, Galimore's claims are barred by the *Younger* abstention doctrine.

2. Galimore is **DENIED** a certificate of appealability.[4]

---

[4] When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that jurists of reason would find it debatable whether: (1) "the district court was correct in its procedural ruling"; and (2) the petition "states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Galimore has not made this showing and is denied a certificate of appealability.

3. The **Clerk of Court** is directed to terminate any pending motions as moot, close this file, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on January 6, 2026.

Kyle C. Dudek
United States District Judge